F I L E D
 Clerk
 District Court
AUG 06 2025
for the Northern Mariana Islands
By_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CHRISTOPHER LILLES, | ) Case No. 1:22-cv-00017 |
| | ) Case No. 1:24-cv-00016 |
| Plaintiff, | ) |
| | ) DECISION AND ORDER DENYING |
| v. | ) DEFENDANT J.C. TENORIO |
| | ) ENTERPRISES, INC.'S |
| J.C. TENORIO ENTERPRISES, INC., | ) MOTIONS FOR AN |
| | ) ORDER TO SHOW CAUSE |
| Defendant. | ) |
| | ) |
| | ) |

Before the Court are Defendant J.C. Tenorio Enterprises, Inc.'s ("JCT") motions for orders to show cause "as to why these actions should not be dismissed with prejudice, and in the alternative, enforcement of the settlement entered in these matters." (Mot. 1, ECF No. 41 *in* 1:22-cv-00017 [hereinafter *Lilles I*]; Mot. 1, ECF No. 17 *in* 1:24-cv-00016 [hereinafter *Lilles II*].)[1] For the following reasons, the Motions for an order to show cause is denied without prejudice.

Defendant JCT's Motions are in regard to an alleged "global settlement" that was reached by JCT and Plaintiff Chistopher Lilles in *Lilles I* and *II*. (Mem. in Supp. 5, ECF No. 17-1.) JCT also seeks sanctions against Lilles and for him to pay JCT's attorney's fees and costs for filing these motions. (Mot. 1.) JCT supports its Motions in both cases with the same filings: Memorandum of Law (ECF No. 17-1), Affidavit by Counsel Charity Hodson (ECF No. 17-2), and exhibits (ECF No. 17-3).

---

[1] For convenience, the Court will reference documents that are identical in *Lilles I* and *Lilles II* to the ECF Nos. in *Lilles II*.

1

Plaintiff Lilles is represented by counsel James Sirok in *Lilles I*, but not in *Lilles II*; he is proceeding pro se in *Lilles II*. In Opposition to JCT's Motion, counsel for Plaintiff in *Lilles I* "simply opposes the motion per the opposition of Plaintiff Lilles in CV 24-00016, and by this reference adopts the position and arguments submitted by Plaintiff Lilles under CV 24-00016" based on his reasoning that "Mr. Lilles cannot disagree with himself for purposes of defending the motion of Defendant." ("Opp'n" 3, ECF No. 42 *in Lilles I*.) The next day, Plaintiff Lilles opposed the Motion by filing a pro se Memorandum (ECF No. 18), a copy of the Court's Order on Submission of Settlement Statements (ECF No. 18-1), email correspondence (ECF No. 18-2), and a Declaration from James Sirok filed in *Lilles I* (ECF No. 18-3). In addition, Lilles filed his own Declaration (ECF No. 19) supported by a copy of the Court's Order previously filed at ECF No. 18-1. Without waiting for a reply from JCT, the Court finds sufficient grounds to issue this decision denying JCT's motions for orders to show cause as to why these actions should not be dismissed with prejudice.

JCT argues that the Court should issue an order to show cause against the Plaintiff for him to show why *Lilles I* and *II* should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. (Mem. of Law 7.) Federal Rule of Civil procedure 41(b) states, "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."

Here however, JCT fails to identify any lawful order against Plaintiff Lilles that he has failed to comply with. JCT asserts that Lilles has refused to sign the settlement paperwork but fails to explain how this refusal is a violation of any court order. (Mem. of Law 6.) Because JCT fails to identify a legal basis for an order to show cause, the Court denies its Motions.

JCT's alternative motion for relief is for an order to enforce the settlement agreement. Because the Court retained jurisdiction to enforce the settlement agreement (Sealed Tr. 3-5, ECF No. 13), the Court hereby sets a hearing on JCT's alternative motion to enforce the settlement

agreement for **August 20, 2025, at 9:00 a.m.**  JCT's reply to its Motion in the alternative, if any, is due no later than **August 13, 2025.** The hearing previously set for **August 28, 2025**, is hereby vacated.

      IT IS SO ORDERED this 6th day of August 2025.

                                            RAMONA V. MANGLONA
                                            Chief Judge